IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| RAUL GIL §<br>*Plaintiff,* §<br>§<br>v. §         NO. _____<br>§<br>CITY OF LAREDO and CITY OF §<br>LAREDO MUNICIPAL CIVIL §<br>SERVICE COMMISSION §<br>*Defendants* § | |

**DEFENDANTS CITY OF LAREDO'S AND CITY OF LAREDO MUNICIPAL CIVIL SERVICE COMMISSION'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 and 1443, Defendants CITY OF LAREDO AND CITY OF LAREDO CIVIL SERVICE COMMISSION (hereinafter, "Defendants") file this its Notice of Removal of the present cause from the 49th Judicial District Court, Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division.[1] In support of this Notice of Removal, Defendants will show as follows:

**I.
PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

1.     This cause was commenced on May 18, 2022 in the 49th Judicial District Court, Webb County, Texas, with the style *Raul Gil v City of Laredo and City of Laredo Municipal Civil Service Commission;* Cause No. 2022-CVK-000644-D1. A true and correct copy of the certified docket sheet is attached hereto as Exhibit A. A certified copy of all process and pleadings is attached hereto

---

[1] While the City and Commission dispute that the CITY OF LAREDO CIVIL SERVICE COMMISSION is a separate jural entity capable of being sued separately from the City of Laredo, Texas, for purposes of removal, both bodies are listed and referred to jointly as "Defendants" to avoid confusion on the procedural aspects for removal. Both bodies consent to removal. However, the Commission is merely a commission of the City of Laredo and does not possess a jural

as Exhibit B.

2. Raul Gil (hereinafter, "Plaintiff") alleged in his Original Petition and Application for Temporary Restraining Order and Temporary Injunction that he was retaliated against by his employer after successfully appealing his termination with the City of Laredo Municipal Civil Service Commission and being reinstated. He asserts any infractions in his file after his reinstatement were given to essentially pad the file against him in order to terminate him again. He also alleges that the City violated his due process rights under the US Constitution and Texas Constitution, alleges a 42 USC § 1983 claim, and seeks a temporary restraining order and injunction against the City of Laredo and the City of Laredo Municipal Civil Service Commission. The Defendants were served on May 23, 2022.

## II.
## GROUNDS FOR REMOVAL

3. This action is a civil action in that Plaintiff alleges Defendants violated Plaintiff's civil rights, specifically, violated his rights to due process under the 14th Amendments to the U.S. Constitution, violated his due process rights under Art. 1, Sec. 19 of the Texas Constitution, and violated his rights under 42 USC § 1983.

4. The above-described action is one in which this Court has subject-matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 & 1343 as much as the claims asserted fundamentally arise under the laws of the United States and assert the same acts to constitute the same violation under both the U.S. and the state constitutions. The claims are not severable and are so related to under the court's original jurisdiction that they form part of the same case or controversy.

5. Plaintiff's allegations in his Original Petition and Application for Temporary Restraining Order and Temporary Injunction filed on May 18, 2022 asserts by specific federal statutory reference

existence separate from the City for purposes of § 1983 liability.

alleged violations triggering federal question jurisdiction under 42 U.S.C § 1983:

> "**B. 42 USC §1983 Claim**:
>
> 49.     Mr. Gil was deprived of his Due Process rights because the City failed to provide notice of a "specific violation" in its termination letter. The City was not able to cite dates or details of specific violations because Mr. Gil, at all times, performed his duties as the City's Laredo Electrical Inspector I in a professional and consistent manner.
>
> 50.     The City violated Mr. Gil's due process rights by failing to schedule a hearing before the Commission regarding his termination. The Rules state that "Once an employee submits the 'Request for Appeal' form to the Human Resources Department, the Human Resources Director/ designee shall coordinate a hearing before the commission." Mr. Gil is entitled to due process, which at a minimum, requires the City to follow its own rules of procedure."

*See* **Plaintiff's Original Petition, Sec. VII, page 10, paras. 49-50.**

"8.     Mr. Gil invokes the jurisdiction of this Court pursuant to Article V, Section 8 of the Texas Constitution, Texas Government Code Sections 24.007 and 24.008. Mr. Gil further invokes the jurisdiction of this Court pursuant to U.S. CONST. AMEND. XIV, which states:

> All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person**

>> **within its jurisdiction the equal protection of the laws** (emphasis added).
>
> *See Rosow v City of San Antonio* 734 S.W.2d 659 (Tex. 1987)."

*See* **Plaintiff's Original Petition, Sec. IV, page 2, para. 8.**

6.   The only state claim that seems to exist in this case is the violation of due process under the Texas Constitution:

> "9.   This Court also has jurisdiction over this matter pursuant to the Texas Constitution:
>
>> Sec. 19. DEPRIVATION OF LIFE, LIBERTY, PROPERTY, ETC. BY DUE COURSE OF LAW. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.
>
> TEXAS CONST. ART 1, SEC. 19. *See also Martin v. Board of Regents,* 578 S.W.2d 465 (Tex. Civ. App.—1979), appeal after remand 607 S.W. 2d 638 (Tex. Civ. App. – Austin 1980, writ ref'd n.r.e.)."

*See* **Plaintiff's Original Petition, Sec. IV, para. 9.**

7.   As such, the causes of action are predominantly federal in nature and such matter should be removed to the federal court. Removal is proper in any civil action in which the district courts of the United States have original jurisdiction, and claims brought under § 1983 qualify. 28 U.S.C.A. §§ 1331, 1441.

8.   Notice of this removal action will be given to Plaintiff and the state court contemporaneously with the filing of this Notice. For judicial economy, the entire case and pendent issues and causes should be tried in federal court. This Court has supplemental jurisdiction pursuant to 28 U.S.C.

§1367(a). The due course of law claims brought under the Texas constitution form the same basis for the Plaintiff's federal claims, are not novel or complex issues of state law, do not predominate over the federal claims, and no other compelling reason is apparent to decline supplemental jurisdiction.

9. City filed a General Denial on June 7, 2022 for this matter under the style and cause *Raul Gil v City of Laredo and City of Laredo Municipal Civil Service Commission;* Cause No. 2022-CVK-000644-D1. *See* Exhibits A and B. Defendants will file the notice of removal in state court and will file a federal answer in the near future.

10. There is a hearing currently set on Plaintiff's Application for Temporary Restraining Order and Temporary Injunction for July 5, 2022. Removal of this action to federal court stays all proceedings in the state court and Defendants assert the matter is struck from 49th court's docket via the process of filing the notice of removal.

### III.
### THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11. Defendants have the power to remove the instant case to federal court. Plaintiff brought Defendants into the instant case in the 49th District Court, Webb County, Texas, located within the judicial district of the Southern District of Texas. 28 U.S.C. § 1441(a).

12. The instant case is being removed to the proper federal district court. Defendants reside within the judicial district of the Southern District of Texas. 28 U.S.C. § 1391(b)(1). Further, a substantial part of the events alleged by Plaintiff in his Original Petition have occurred within the limits of the City of Laredo, Webb County, Texas which is located within the judicial district of the Southern District of Texas. 28 U.S.C. § 1391(b)(2); *see also Ray v. Lynass*, No. A-21-CV-00020-LV, 2021 WL 8443684, at *6 (W.D. Tex. Nov. 9, 2021), *Umphress v. Hall*, 479 F. Supp. 344, 352, No. CV 4:20-CV-00253-P, 2020 WL 4731980 (N.D. Tex. Aug. 14, 2020).

13. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of the date of service of Plaintiff's Original Petition. Defendants have done nothing, nor do they intend to do anything, to divest this Court of original jurisdiction over this lawsuit.

14. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the 49th District Court, Webb County, Texas in accordance with 28 U.S.C. § 1446(d).

15. True and correct copies of all process, pleadings, and orders served on Defendants in the action pending in the 49th District Court, Webb County, Texas are attached hereto as Exhibit B.

## IV.
## NON-WAIVER OF DEFENSES

16. By removing this action from the 49th District Court, Webb County, Texas, Defendants do not waive any defenses available to them.

17. By removing this action from the 49th District Court, Webb County, Texas, Defendants do not admit to any of the allegations in Plaintiff's Original Petition and an answer in conformity with the Federal Rules of Civil Procedure will be filed in the near future showing what allegations Defendants admit and deny.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the City of Laredo and City of Laredo Municipal Civil Service Commission, named Defendants, remove the above-entitled cause of action from the 49th Judicial District Court, Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division.

/ / /

Signed on this 13th day of June, 2022.

        Respectfully submitted,

        LAW OFFICES OF RYAN HENRY, PLLC
        1019 Central Parkway N., Suite 108
        San Antonio, Texas 78232
        (210) 257-6357
        (210) 569-6494 (Facsimile)
        Ryan.Henry@RSHlawfirm.com
        Joshua.Galicia@RSHlawfirm.com
        Alyssa.Castillon@RSHlawfirm.com

By: _____
        **RYAN S. HENRY**
        State Bar No. 24007347
        **JOSHUA E. GALICIA**
        State Bar No. 24087554
        **ALYSSA J. CASTILLON**
        State Bar No. 24064568

        ***COUNSEL FOR DEFENDANTS,***
        ***CITY OF LAREDO AND CITY OF LAREDO***
        ***MUNICIPAL CIVIL SERVICE COMMISSION***

**CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure to the person(s) listed below and in the manner(s) listed below on this the 13th day of June, 2022.

| | |
|---|---|
| Natalie S. Lewis | *Sent via Email: nlewis@wctexlaw.com* |
| Carlos E. Flores | *Sent via Email: cflores@wctexlaw.com* |
| Whitworth Cigarroa, PLLC | *Sent via E-File Notification* |
| 602 E Calton Rd., Suite 201 | |
| Laredo, Texas 78041 | |

_____
RYAN S. HENRY
JOSHUA E. GALICIA
ALYSSA J. CASTILLON