## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **RAUL GIL**<br>*Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **NO. 5:22-CV-00055** |
| | § | |
| **THE CITY OF LAREDO**<br>*Defendant.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |

---

### PLAINTIFF RAUL GIL'S FIRST AMENDED COMPLAINT

---

> In 1995 the Texas Supreme Court held that "there is no implied private right of action for damages arising under the free speech and free assembly sections of the Texas Constitution." *City of Beaumont v. Boullion*, 896 S.W.2d 143, 147 (Tex. 1995). **This same conclusion applies equally to the due course and equal protection clauses of the Texas Bill of Rights.** (citations omitted) Thus, the only type of private suit permitted under the Texas constitution is a suit for **equitable or injunctive relief**. Recognizing this, the sole relief Wolber seeks for his Texas constitutional claims is **reinstatement** to his teaching position...[1]

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Raul Gil ("Mr. Gil" or "Plaintiff") and files this **PLAINTIFF RAUL GIL'S FIRST AMENDED COMPLAINT**, against the City of Laredo ("City" or "Defendant"), and in support thereof would respectfully show the Court as follows:

### I.  INTRODUCTION

1.      On or about January 20, 2022, Mr. Gil timely appealed his termination to the City of Laredo's Civil Service Commission ("Commission") on two grounds: (1) the City failed to provide Mr. Gil with notice of the alleged "specific violations" supporting termination and (2) the City failed to timely provide Mr. Gil with a due process hearing before termination and after termination.

---

[1] *Wolber v. Round Rock Indep. Sch. Dist.*, No. 1:19-CV-602-AWA, 2020 WL 1536384 (W.D. Tex. Mar. 31, 2020).

2.      Because more than 8 months have passed since his termination, Mr. Gil seeks an order from this Court reinstating him to the position of Electrical Inspector I, and awarding him all backpay, attorney's fees, and/or costs.

## II.   PARTIES

3.      Mr. Gil is an individual residing in Webb County, Texas.

4.      The City of Laredo is an incorporated city located in Webb County, Texas. The City may be served with process by serving City Secretary Jose A. Valdez at 1110 Houston St., Laredo, Texas 78040, or wherever else he may be found.[2] The City of Laredo has now made an appearance in this matter.

## III.   JURISDICTION & VENUE

5.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 42 USC §1983 because this action arises under U.S. CONST. AMEND. XIV, which states:

> All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws** (emphasis added).

6.      This Court also has jurisdiction over this matter pursuant to the Texas Constitution:

> Sec. 19. DEPRIVATION OF LIFE, LIBERTY, PROPERTY, ETC. BY DUE COURSE OF LAW. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

TEXAS CONST. ART 1, SEC. 19. *See also Martine v. Board of Regents*, 578 S.W.2d 465 (Tex. Civ. App.— 1979), appeal after remand 607 S.W. 2d 638 (Tex. Civ. App. -- Austin 1980, writ ref'd n.r.e.).

---

[2] See TEX. CIV. PRAC. & REM. CODE §17.024(B).

7.     Furthermore, this Court has jurisdiction over this matter because on or about May 18, 2022, Mr. Gil sent written notice to the City Secretary pursuant to Section 2-4(b) of the City of Laredo Municipal Code.

8.     Rule 7.7 of the Municipal Civil Service Rules and Regulations of the City of Laredo ("Rules"), also provides that: "[a] termination is appealable."

9.     Rule 5.4 clearly recognizes that a district court has jurisdiction and the power to reinstate a terminated employee:

> Is [sic] a re-employment of an employee who voluntarily or **involuntarily left** his/her employment; the recission or reversal of the termination of a classified employee by order of the Municipal Civil Service Commission **or of a district court as the result of an appeal** filed by the employee with the Municipal Civil Service Commission; **or the reinstatement of an employee by court judgment/order** or settlement agreement of a claim, **with or without litigation**, for unlawful termination **under a federal, state or Texas common law** other than by decision and order of the Municipal Civil Service Commission (emphasis added).

10.    The Court is authorized to award the requested declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and its equitable powers.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (e), because the violations are occurring in this district, and a substantial part of the events or omissions giving rise to the claims have occurred in this district.

### IV.    FACTUAL BACKGROUND

**A.     Raul Gil.**

12.    Mr. Gil worked for the City as an Electrical Inspector I within the Building Inspection division for over 18 years.

13.    Mr. Gil had only received five warnings in the initial 16 years of his employment with the City. In all respects, Mr. Gil was a professional and consistent employee who served the citizens of Laredo well.

**B.      First Notice of Termination.**

14.      In October 2019, Mr. Gil was terminated from his employment with the City. Mr. Gil timely appealed his termination and was provided a hearing before the Commission on or about January 28, 2020. The Commission reversed his termination and awarded Mr. Gil back pay from the time of his termination until his reinstatement on or about January 28, 2020, minus 30 days which consisted of his suspension.

**C.      Second Notice of Termination & Retaliation.**

15.      On or about January 10, 2022, Mr. Gil received a notice of termination from his position as a City of Laredo Electrical Inspector I.

16.      The termination letter provided several conclusory statements in support of Mr. Gil's termination and vaguely alleged that Mr. Gil violated city policies (1) Related to Job Performance and (2) Related to Misconduct in the Workplace. Attached as **Exhibit A** is a true and correct copy of the termination letter. However, the notice of termination does not identify what directives were violated, what job sites were at issue, and failed to provide basic information to allow Mr. Gil to defend himself before the Commission.

17.      From the time the Commission reversed Mr. Gil's termination on January 28, 2020, to his termination on January 10, 2022, Mr. Gil received six new warnings, all of which were unsubstantiated. Mr. Gil was given more warnings in the last two years of his employment than he was given in his first 16 years of employment with the City.

18.      Upon information and belief, Mr. Gil was given the six new warnings in retaliation for successfully defending his termination before the Commission in January 2020. Mr. Gil further believes that the six new warnings served as the City's basis for terminating him on January 10, 2022.

**D.**    **Mr. Gil's Vested Property Rights.**

19.    On or about December 2, 2013, the City adopted the Rules, which were later amended on or about February 6, 2017. Attached as **Exhibit B** is a true and correct copy of the Rules in effect when Mr. Gil was terminated.

20.    Rule VI modifies the at-will employment presumption and states: "[d]isciplinary action may be taken against an employee in the classified civil service **only for "just cause"** (emphasis added). Therefore, Mr. Gil can only be terminated for "just cause."

21.    To terminate an employee, Rule VIII states: "[t]he Disciplinary Action Form/Termination Letter shall include the following: A. The specific violation."

22.    Rule 7.2 states: "[d]epending on the nature and seriousness of the offense, an employee who faces disciplinary action may be given the option by the Department Director to voluntarily resign prior to the issuance of a disciplinary action."

23.    Rule 7.7 provides the scenarios in which an employee may be terminated and what steps must be taken by the City:

> Termination is the involuntary discharge of an employee. Termination is appropriate when a prior warning, suspension or demotion does not produce satisfactory results in correcting behavior or performance, or when the Department Director determines that a violation of a rule or policy is serious enough to warrant a termination without prior use of less severe discipline. **Prior to termination of a classified employee, a Personnel Advisory Committee/PAC (comprised of the respective Department Director, City Attorney/designee, and Human Resources Director/designee) meeting must be held to review and discuss potential reasons for termination** (emphasis added).

24.    At a hearing before the Commission, the City under Rule 9.1(k) "shall have the burden of proof, under a preponderance of the evidence standard, in an appeal of a disciplinary action." In the Commission's Appeal Procedures, "the final decision of the Commission will be based on the evidence presented."

25.    Furthermore, the Commission has the following duties and/or obligations:

- The Commission shall make its findings based on the preponderance of the evidence standard.

- The preponderance of the evidence standard means that a party has shown that its version of facts, causes, damages, or fault is *more likely* (a greater than 50% chance) *than not* the correct version.

**E.    The City of Laredo violated Mr. Gil's Due Process Rights when they failed to provide notice as required by the City's own rules.**

26.    Pursuant to the Municipal Civil Service Rules and Regulations, Mr. Gil was required, under Rule VIII, to receive notice of a "specific violation." Specific means to clearly identify the violation.

27.    Mr. Gil's termination letter contains multiple vague allegations that Mr. Gil improperly conducted his job duties; however, the termination letter did not specifically identify which inspections, job sites, or reports were allegedly conducted in violation of the Rules.

28.    The City alleges that Mr. Gil violated Section 6.2 A of the Rules by stating that "Mr. Gil continued to self-assign and conduct same day inspections during December 2021 without notifying or obtaining supervisor approvals"; however, the termination letter did not mention which inspections were allegedly self-assigned, which were allegedly conducted the same day, or why this is improper.

29.    The City alleges that Mr. Gil violated Section 6.2 B of the Rules by stating that "Mr. Gil conducted and approved rough-in service and final inspections without physically stopping at the assigned and/or self-assigned sites"; however, the termination letter did not include GPS coordinates or tracking information that would reflect that he was not physically present at the inspections he conducted. Additionally, the termination letter did not include any documentation proving the GPS tracker on Mr. Gil's city vehicle was functioning properly during the relevant period.

30.    The City alleges that Mr. Gil violated Section 6.2 E of the Rules by stating that "Supervisor discovered Mr. Gil canceled an inspection assigned and declined by another inspector to himself and

approved it by noon the same day"; however, the termination letter failed to indicate specifically which inspection he allegedly reassigned to himself and which he allegedly inspected on the same day.

31.    The City alleges that Mr. Gil violated Section 6.4 Z of the Rules by stating "Mr. Gil failed to conduct proper inspections as required under International Code Council IRC R109 Inspection under the authorization of the building official"; however, the termination letter failed to mention the specific inspections that he allegedly conducted improperly and how said inspections were conducted improperly.

32.    The termination letter included Mr. Gil's "History of Employee Violations" page and cited dates when Mr. Gil allegedly violated the Rules; however, the termination letter failed to provide any evidence of said violations. The vague allegations are baseless and provide no evidence of misconduct nor are they a reliable indication of Mr. Gil's work performance.

33.    Mr. Gil's due process rights were violated by the City for its failure to provide notice of a "specific violation."

**F.    Failure of the City of Laredo to provide Mr. Gil with an appeal hearing before the Commission as required under Rule IX § 9.1.**

34.    On or about January 20, 2022, Mr. Gil timely submitted an appeal in writing to the Commission, pursuant to Rule IX § 9.1, for reconsideration of his termination based on insufficient notice and vague allegations provided in his termination letter.

35.    On or about January 24, 2022, the City's Human Resources Department responded to Mr. Gil's written appeal stating they were "currently in the process of coordinating a Municipal Civil Service hearing for the appeal [he] submitted […]." The email included instructions regarding the procedure of submitting supporting documentation for the hearing no later than Thursday, February 3, 2022, by 5:00 p.m.

36.    On or about January 25, 2022, Mr. Gil filed an open records request seeking information to prepare for his defense.

37.    On or before February 2, 2022, Mr. Gil sent a letter to David H. Arredondo of the City Attorneys Office requesting information and an extension of time to respond to the Commission. Mr. Gil did not receive a response from Mr. Arredondo's office indicating whether the extension of time was granted or whether Mr. Gil would receive the information requested in his January 25, 2022, open records request. Attached as **Exhibit C** is a true and correct copy of the email and letter that was sent to Mr. Arredondo's office.

38.    On or about February 3, 2022, Mr. Gil submitted a timely appeal packet despite not receiving a response from Mr. Arredondo regarding additional time or his open records request.

39.    On or about February 16, 2022, Mr. Gil received only two documents in response to his open records request. One document was merely a copy of the termination letter that he had already received when he was terminated, and the second document was a copy of a verbal warning given to Mr. Gil for clocking into work remotely. No other documents were provided.

40.    Mr. Gil has yet to be scheduled for a hearing before the Commission, as required by Rule IX § 9.1. The failure to provide Mr. Gil with a hearing, coupled with the insufficient notice and documentation provided in the termination letter, are clear violations of Mr. Gil's due process rights.

## V.    CAUSES OF ACTION

### A.    Due Process Violation: 14th Amendment to the US Constitution & Art. 1, Sec. 19 of the Texas Constitution.

41.    The City's allegations are vague, baseless, and provide no evidence of Mr. Gil's misconduct. Additionally, the City failed to provide details of specific violations as required by the Rules. Therefore, Mr. Gil's due process rights were violated when he was terminated without proper notice of the alleged violations relating to his job performance and his alleged misconduct in the workplace.

42.     The City's failure to meet the basic requirements to terminate Mr. Gil is a violation of his due process rights. Therefore, Mr. Gil's termination is null and void, and he should be immediately reinstated.

43.     The City's rules do not specify a deadline for the Human Resources Director/designee to coordinate a hearing before the Commission; however, the argument that property interest rights exist only to the extent that it is protected by the procedural safeguards provided in the city's ordinances and rules has been rejected by the Supreme Court in *Arnett*: "While the State may define what is and is not [a] property [interest], once having defined those rights, the Constitution defines due process" 416 U.S. at 185, 94 S. Ct. at 1659.

44.     The fundamental requirement of due process is the opportunity to be heard 'at a meaningful **time** and in a meaningful manner." *Thurston v. Dekle*, 438 U.S. 901, 98 S. Ct. 3118 (1978) (emphasis added). The City has failed to schedule a hearing for Mr. Gil since the filing of his "Request for Appeal" with the Human Resources Department nearly 4 months ago. This failure has effectively violated the minimum termination procedural elements required by the Due Process clause of the 14th Amendment. The Court has determined that even in cases where the employer "postpones" the right of an employee to secure a hearing until after dismissal, risk reducing procedures must be accorded. *Bueno v. Donna*, 714 F.2d 484, 493 (5th Cir. 1983).

45.     The risk reducing procedures must include, prior to termination, written notice of the reason for termination and an effective opportunity to rebut those reasons." *Id.* (quoting *Thurston v. Dekle*, supra, 531 F.2d 1264, vacated and remanded on other grounds, 438 U.S. 901 (1978)). An effective opportunity to rebut the allegations must give the employee the right to respond in writing to the charges alleged *and* to respond orally before the official charged with the responsibility of making the decision to terminate." *Id.* (emphasis added).

46.     Since his termination in January 2022, approximately 8 months ago, Mr. Gil has not had an effective opportunity to orally rebut the allegations against him before the Commission; therefore, Mr. Gil has been deprived of his right to the minimum pretermination procedural elements required for classified employees under the Due Process Clause of the 14th Amendment.

47.     Based on the constitutional violations outlined herein and the fatal defects with the City's termination letter, this Court should overturn Mr. Gil's termination and reinstate Mr. Gil as the City's Electrical Inspector I, award his lost wages, and reinstate any benefits lost because of his wrongful termination.

**B.     42 USC §1983 Claim:**

48.     Mr. Gil re-alleges and incorporates by reference the preceding paragraphs herein. The City and Commission are persons for purposes of a §1983 claim. Pursuant to the Municipal Civil Service Rules and Regulations, Mr. Gil was required under Rule VIII to be provided notice of a "specific violation."

49.     Mr. Gil was deprived of his due process rights because the City failed to provide notice of a "specific violation" in its termination letter. The City was not able to cite dates or details of specific violations because Mr. Gil, at all times, performed his duties as the City's Laredo Electrical Inspector I in a professional and consistent manner.

50.     The City violated Mr. Gil's due process rights by failing to schedule a hearing before the Commission regarding his termination. The Rules state that "Once an employee submits the 'Request for Appeal' form to the Human Resources Department, the Human Resources Director/designee shall coordinate a hearing before the commission." Mr. Gil is entitled to due process, which at a minimum, requires the City to follow its own rules of procedure.

## VI.   ACTUAL & EXEMPLARY DAMAGES

51.     Mr. Gil re-alleges and incorporates by reference the preceding paragraphs herein. As described

herein, Mr. Gil has suffered the following damages:

1. Violation of his constitutional rights as outlined above;
2. Lost wages for the past and future; and
3. Attorney's fees and litigation costs.

52.     Mr. Gil hereby sues for all damages suffered because of the City and/or the Commission's

conduct, including but not limited to, violations of his constitutional rights, actual, special,

consequential, general, and exemplary damages and all equitable right to reinstatement and other

theories to make Mr. Gil whole.

## VII.   ATTORNEY'S FEES & COSTS

53.     Under 42 USC § 1983, and the rules of equity, Mr. Gil seeks to recover from the City all

attorney's fees incurred in this matter. Mr. Gil has retained the undersigned attorneys to represent him

in this cause and has agreed to pay the firm reasonable and necessary attorney's fees. Mr. Gil has and

will continue to incur reasonable and necessary attorney's fees, costs, and expenses in prosecuting this

cause. Mr. Gil specifically requests that he be awarded reasonable and necessary attorney's fees against

the City for the services rendered by Mr. Gil's attorneys in instituting and prosecuting his claims

and/or causes of action in this cause. Furthermore, Mr. Gil also specifically requests that he be

awarded reasonable and necessary attorney's fees for any appeal made in this cause by the City of

Laredo to the 5th Circuit Court of Appeals and/or the Supreme Court of the United States.

## VIII.   PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

### A.     Preliminary Injunction.

54.     Mr. Gil re-alleges and incorporates by reference the preceding paragraphs herein.

55.     The purpose of a preliminary injunction is to preserve the status quo pending a final

determination of the merits. *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). A plaintiff seeking

a preliminary injunction must address the following equitable factors: (1) irreparable injury, (2) no adequate remedy at law, (3) a likelihood of success on the merits, (4) the balance of hardships, and (5) the effect on the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

**B.    Analysis.**

**(1)    Irreparable injury**

56.    Irreparable injury is neither speculative nor remote but is actual and imminent. *United States v. W. T. Grant Co.*, 345 U.S. 629, 73 S. Ct. 894, 97 L. Ed. 1303 (1953). An irreparable injury is one that cannot be prevented or fully rectified by a final judgment following a trial. *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328 (5th Cir. 1981).

57.    Prior to his termination, Mr. Gil worked for the City for 18 consecutive years. He became skilled in his job and gained a positive reputation in his workplace. Mr. Gil does not have a college degree, and therefore, his compensation and reputation grew through the 18 years that he worked for the City. Mr. Gil has lost compensation and his good reputation during the eight months that he has been unemployed with the City. This case could continue for an undeterminable amount of time and therefore, Mr. Gil suffers irreparable injury each day that passes that he is denied reinstatement. Further, because Mr. Gil's due process rights were violated, any money judgment obtained following a trial cannot fully rectify the Defendants' violations.

**(2)    No adequate remedy at law**

58.    For the purposes of injunctive relief, there is no adequate remedy at law if (1) the legal remedy is merely illusory or (2) effective legal relief cannot be obtained without filing multiple lawsuits. *See, e.g., Wilson v. Illinois S. Ry.*, 263 U.S. 574, 576-77 (1924). As will be introduced at a hearing, Mr. Gil has no adequate remedy at law because his due process rights were violated by the Defendants. Any money judgment results in no remedy at law because the violation of due process rights cannot be cured by said judgment.

**(3)**    **Likelihood of success on the merits**

59.    When seeking a preliminary injunction, the plaintiff must present a prima facie case, but does not need to prove that it will ultimately prevail. *Janvey v. Alguire*, 647 F.3d 585 (5th Cir. 2011) (citation omitted). To assess the likelihood of success on the merits, we look to the standards provided by the substantive law. *Id.*

       **a.**    **Due Process Violation: 14th Amendment to the U.S. Constitution.**

60.    Section 1 of the 14th Amendment to the U.S. Constitution states, in relevant part, the following: "...nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

61.    The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). "In most cases, a 'meaningful time' means prior to the deprivation of the liberty or property right at issue." *Bowlby v. City of Aberdeen*, 681 F.3d 215 (5th Cir. 2012).

62.    The court in *Loudermill* noted that courts have identified "the root requirement" of the Due Process Clause as being "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) (citation omitted). According to *Loudermill*, some opportunity for the employee to present his side of the case is recurringly of obvious value in reaching to an accurate decision. *Id.* at 543. Dismissals for cause often involve factual disputes, and as such, the only meaningful opportunity to invoke the discretion of the decisionmaker is likely to be before the termination takes effect. *Id.*

63.    In *Loudermill*, the Board of Education terminated Loudermill for dishonesty in filling out his job application. *Id.* at 532. He was not afforded an opportunity to respond to the dishonesty charge or to challenge the dismissal. *Id.* The Court held that by terminating Loudermill without a pretermination hearing, the Board of Education violated his constitutional rights. *Id.*

64.     Similarly, Mr. Gil was not provided a pretermination hearing, as required by the Due Process Clause. Rule 7.7 merely indicates that "prior to termination of a classified employee, a Personnel Advisory Committee/PAC (comprised of the respective Department Director, City Attorney/designee, and Human Resources Director/designee) **meeting** must be held to review and discuss potential reasons for termination (emphasis added). This meeting, which there is no evidence even occurred, did not include Mr. Gil's presence, and did not provide him with the opportunity to respond to the City's accusations against him. As such, Mr. Gil was denied his constitutional right to a pretermination hearing.

65.     Regarding post-termination proceedings, *Loudermill* also noted that at some point, a delay in the post-termination hearing would become a constitutional violation. *Loudermill*, 470 U.S. at 547. There, Loudermill argued that his post-termination hearing was unreasonably delayed, and this delay amounted to a constitutional violation. *Id.* The Court noted that because Loudermill was afforded a pretermination hearing and in light of the Commission's crowded docket, the nine month delay in processing his appeal was constitutionally acceptable. *Id.* at 532.

66.     However, the Supreme Court in *Mallen* noted that there is a proper concern regarding "the importance of providing prompt post-deprivation procedures in situations in which an agency's discretionary impairment of an individual's property is not preceded by an opportunity for a pre-deprivation hearing." *Fed. Deposit Ins. Corp. v. Mallen*, 486 U.S. 230, 108 S. Ct. 1780, 100 L. Ed. 2d 265 (1988) (citation omitted). In *Barry*, for example, the court held that because suspensions of harness racing trainers without a pre-suspension hearing was authorized, it was necessary under the due process clause that a licensed harness racing trainer be assured a "**prompt postsuspension hearing that would proceed and be concluded without appreciable delay**." (emphasis added). *Barry v. Barchi*, 443 U.S. 55, 99 S. Ct. 2642, 61 L. Ed. 2d 365 (1979).

67.     In this case, the Rules do not specify a deadline for the Human Resources Director/designee to coordinate a post termination hearing before the Commission; however, as previously noted, the argument that property interest rights exist only to the extent that it is protected by the procedural safeguards provided in the city's ordinances and rules has been rejected by the Supreme Court in *Arnett*: "While the State may define what is and is not [a] property [interest], once having defined those rights, the Constitution defines due process" 416 U.S. at 185, 94 S. Ct. at 1659.

68.     Until August 2022, the City had failed to schedule a hearing for Mr. Gil since the filing of his appeal 8 months ago. While this delay is seemingly similar to *Loudermill* and appears innocent on its face, Mr. Gil does not assert that the delay was the result of an overcrowded docket or that "the delay stemmed...from the thoroughness of the procedures." *Loudermill*, 470 U.S. at 532 and 534. Mr. Gil alleges that the delay was a purposeful continuation of the retaliation directed by the City.

69.     Importantly, because Mr. Gil was not provided with a pretermination hearing, the City's failure to provide Mr. Gil with a "**prompt**" post termination hearing is an additional due process violation. *Mallen*, 486 U.S. at 241; *Barry*, 443 U.S. at 55.

70.     The City's allegations in Mr. Gil's termination letter were vague, baseless, and provided no evidence of Mr. Gil's misconduct. Additionally, the City failed to provide details of a specific violation as required by the Rules; therefore, Mr. Gil's due process rights were violated when he was terminated without proper notice of the alleged violations relating to his job performance and his alleged misconduct in the workplace.

71.     The Defendants' failure to provide Mr. Gil with adequate notice of the specific violations used as the basis for his termination, in addition to the Defendants' failure to provide Mr. Gil with a pre and post termination hearing amounts to a violation of the Due Process clause of the 14th Amendment.

      **b.     Due Process Violation: Art. 1, Sec. 19 of the Texas Constitution.**

72.     Article 1, Section 19 of the Texas Constitution states the following: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

73.     There is no implied private right of action for damages arising under the due course and equal protection clauses of the Texas Bill of Rights. *Wolber v. Round Rock Indep. Sch. Dist.*, No. 1:19-CV-602-AWA, 2020 WL 1536384 (W.D. Tex. Mar. 31, 2020) (citing *Kinnison v. City of San Antonio*, 480 Fed. Appx. 271 (5th Cir. 2012)). Thus, the only type of private suit permitted under the Texas constitution is a suit for equitable or injunctive relief, including reinstatement. *Id. Wolber* involved a teacher, Wolber, who was placed on administrative leave because the district was investigating complaints regarding his teaching methods and adherence to school policy. *Id.* at 1. The school board decided not to renew his contract for the upcoming school year. *Id.* Wolber sued the district alleging, among other claims, procedural due process claims challenging his non-renewal. *Id.* at 3. While the court in *Wolber* ultimately found that Wolber did not have a property interest in his job and thus did not state a plausible due process claim, the court recognized that reinstatement would have been a proper remedy for his Texas constitutional claims. *Id.* at 4.

74.     The City violated Mr. Gil's due process rights as herein stated. Mr. Gil has a protected property interest in his job, and he has stated a plausible due process claim under the Texas constitution. Further, Mr. Gil seeks the equitable remedy of reinstatement. Mr. Gil is thus entitled to be reinstated to his previous position as Electrical Inspector I for the City of Laredo.

      **c.     42 USC §1983 Claim.**

75.     42 U.S. Code section 1983 states the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

76.    A plaintiff asserting Section 1983 claims against a municipality must show "(1) an official policy (2) promulgated by the municipal policymaker (3) [that was also] the moving force behind the violation of a constitutional right." *Brown v. Nero*, No. 1-15-CV-965 RP, 2016 WL 3017417 (W.D. Tex. May 24, 2016) (citation omitted). A plaintiff must first identify a liberty or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest. *Id.* at *4.

77.    The City are persons for purposes of a §1983 claim. The Rules were promulgated by the City, the Rules were cited as the basis for Mr. Gil's termination, and the City was the entity that terminated Mr. Gil.

78.    As mentioned above, Mr. Gil can only be terminated for just cause, and therefore, Mr. Gil has a vested property right in his employment with the City.

79.    The court in *Holden* held that where Department policy required supervisors to give employees written notice of proposed disciplinary action along with facts supporting the recommended discipline and where the policy granted employees an opportunity to be heard before imposition of discipline, the failure of the Department to do so is a violation of procedural due process under §1983. *Holden v. Knight*, 155 Fed. Appx. 735 (5th Cir. 2005). The court in *Seaton* further noted that "failure of the Government to follow its own duly promulgated rules and published policies violates a citizen's right to procedural due process." *Vitarelli v. Seaton*, 359 U.S. 535, 79 S. Ct. 968, 3 L. Ed. 2d 1012 (1959).

80.    Rule VIII provides that Mr. Gil be given notice of a "specific violation." The City was not able to cite dates or details of specific violations in his termination letter because Mr. Gil, at all times, performed his duties in a professional and consistent manner.

81.     Rule 9.1(B) provides that Mr. Gil be scheduled a hearing before the Commission after submitting the "Request for Appeal" form. The City violated its own rules of procedure and Mr. Gil's due process rights by failing to schedule a post termination hearing before the Commission.

82.     For these reasons, Mr. Gil is likely to succeed on the merits of the claims herein asserted.

**(4)     Balance of hardships**

83.     The injury the plaintiff faces should outweigh the injury that would be sustained by the defendant as a result of injunctive relief. *Winter*, 555 U.S. at 24.

84.     The fact that Mr. Gil has been unable to work in his former position has caused extreme financial hardship to his livelihood. Mr. Gil has been unemployed with the City for approximately eight months and has been forced to find other means of employment. Despite his attempts at seeking new employment, Mr. Gil has been unable to find a job that provides comparable compensation, and as such, he has been unable to meet his basic living expenses. Reinstating Mr. Gil to his former position during the pendency of this cause will not cause any hardship to the Defendants.

**(5)     Effect on the public interest**

85.     Injunctive relief should not adversely affect public policy or the public interest. *Id.* at 24-26. The public interest is greatly affected by the decisions made by the Defendants in this cause. It is especially damaging to the public interest for the City to get away with violating an employee's constitutional rights. If the City, as a municipality, is not obligated to follow its own policies or the due process provisions of the U.S. Constitution, how can it expect the public to do so.

**(6)     Posting Bond.**

86.     Mr. Gil is indigent and does not have the financial means to post a bond. Attached as **Exhibit D** is a true and correct copy of Mr. Gil's verification verifying the facts asserted herein.

**C.      Permanent Injunction.**

87.      Mr. Gil seeks a preliminary and permanent injunction against the City of Laredo that reinstates him to his position as Electrical Inspector I.

**D.      Reinstatement.**

88.      Procedural due process requires the government to adhere to its own rules. *Associated Builders & Contractors of Texas Gulf Coast, Inc. v. U.S. Dep't of Energy*, 451 F. Supp. 281 (S.D. Tex. 1978). In *Associated Builders*, the United States Department of Energy was constructing a petroleum reserve project called the Bryan Mound Project. *Id.* at 282. Plaintiff, Gulf States Inc., was an organization of contractors, subcontractors, and suppliers whose members were potential bidders on the Bryan Mound Project. *Id.* The Secretary of Labor prescribed procedures regarding wage determinations; specifically, it provided that an employee who felt aggrieved by an initial wage determination could request reconsideration of the decision and perfect an administrative appeal. *Id.* at 283. Plaintiffs were denied the right to appeal their wage determination and argued that they were deprived of their due process rights. *Id.* at 284.

89.      The Court held that "in promulgating the rules governing and setting the procedures for making and appealing initial determinations, the Secretary of Labor ha[d] created in plaintiffs and other similarly situated, a reasonable and protectable expectation that the rules and procedures prescribed by the regulations would be scrupulously and conscientiously followed." *Id.* at 283. Plaintiffs had a constitutional right to have its government follow its own rules and because they were denied their due process rights, the Court held they were entitled to equitable relief. *Id.*

90.      Below are additional examples incorporating the idea that the government must follow its own duly promulgated rules:

- In *Hammond*, naval reservists sought military discharges pursuant to regulations and procedures adopted by the Navy. *Hammond v. Lenfest*, 398 F.2d 705 (2d Cir. 1968);

- In *Berends*, Minnesota farmers sought reinstatement of an emergency loan program in a declared emergency loan area after the Secretary of Agriculture acted without authority and unilaterally terminated the program without notice. *Berends v. Butz*, 357 F. Supp. 143 (D. Minn. 1973).

- *Service* involved the discharge of a foreign service officer. *Serv. v. Dulles*, 354 U.S. 363, 77 S. Ct. 1152, 1 L. Ed. 2d 1403 (1957). The discharge was set aside because the State failed to follow its own procedures regarding discharge for suspected disloyalty and untrustworthiness. *Id.*

- In *Vitarelli*, the petitioner was suspended from his employment by the Department of Interior. *Vitarelli v. Seaton*, 359 U.S. 535, 79 S. Ct. 968, 3 L. Ed. 2d 1012 (1959). The regulations of the department did not preclude the power of the Secretary to discharge any employee without cause; but the regulations prescribed a procedure. *Id.* The Court held that the Secretary was bound by the regulations he promulgated even though he would have been able to discharge the petitioner without the regulation. *Id.* at 973.

- In *Heffner*, although the Constitution did not require full Miranda warnings at the interview stage of the investigation, IRS regulations clearly directed such warnings to be given before the start of any interview. *United States v. Heffner*, 420 F.2d 809 (4th Cir. 1969). The court stated that an agency of the government must scrupulously observe rules, regulations, or procedures which it has established. *Id.* at 811. When it fails to do so, its action cannot stand, and courts will strike it down. *Id.*

91.     Further, it does not matter which governmental agency or political subdivision promulgated the procedures or regulations, or whether the regulations go beyond what is constitutionally required. *Associated Builders & Contractors of Texas Gulf Coast, Inc.*, 451 F.Supp. at 286. The City was required to comply with its own Rules, and its failure to do so violated Mr. Gil's constitutional rights.

92.     In addition to the arguments outlined above, Rule 5.4 recognizes that a district court has jurisdiction and the power to reinstate a terminated employee:

> Is [sic] a re-employment of an employee who voluntarily or involuntarily left his/her employment; the recission or reversal of the termination of a classified employee by order of the Municipal Civil Service Commission or of a district court as the result of an appeal filed by the employee with the Municipal Civil Service Commission; or the reinstatement of an employee by court judgment/order or settlement agreement of a claim, with or without litigation,

for unlawful termination under a federal, state or Texas common law other than by decision and order of the Municipal Civil Service Commission.

93.    Based on the foregoing, the trial court has the right to reinstate Mr. Gil on a preliminary and permanent basis.

## IX.    NOTICE & CONDITION PRECEDENT

94.    Notice has been provided to the City of Laredo prior to the filing of this suit and otherwise by service of Mr. Gil's pleadings in this action. Mr. Gil alleges that all conditions precedent to the filing of and recovery on the claims and causes of action have been performed, complied with, and/or have occurred.

## X.    JURY DEMAND

95.    Mr. Gil demands a trial by jury on his claims and causes of action.

## XI.    PRAYER

96.    The following is hereby requested from this Court after hearing or final trial on the merits:

   a)    That this Court declare Mr. Gil's rights or remedies in conjunction with or relating to the Constitutional provisions outlined above.
   b)    That Mr. Gil be reinstated and his benefits unaffected because the City violated his due process rights as outlined above.
   c)    That Mr. Gil be awarded his damages as outlined above.
   d)    That Mr. Gil be awarded his attorney's fees and costs as outlined above.
   e)    That the preliminary and permanent injunctive relief be granted as outlined above.
   f)    That this Court grant any further relief in law or equity that this Court deems just.

Respectfully submitted,

**WHITWORTH CIGARROA, PLLC**

By:  */s/ Carlos E. Flores*
Carlos E. Flores (Attorney-in-Charge)
State Bar No. 24050606
Southern District of Texas No. 940935
cflores@wctexlaw.com
Natalie S. Lewis
State Bar No. 24108870
Southern District of Texas No. 3711343
nlewis@wctexlaw.com
602 E. Calton Rd., Ste. 201
Laredo, TX 78041
Telephone: 956-727-4441
Fax: 956-727-2696

***Attorneys for Plaintiff, Raul Gil***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure to the person(s) listed below via E-File Notification on this the 14th day of September 2022.

Ryan S. Henry
Joshua E. Galicia
Alyssa J. Castillon
LAW OFFICES OF RYAN HENRY, PLLC
1019 Central Parkway N., Suite 108
San Antonio, Texas 78232

***Attorneys for Defendants,***
***City of Laredo And City of Laredo***
***Municipal Civil Service Commission***

  */s/ Carlos E. Flores*
Carlos E. Flores